UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HARDIN CONSTRUCTION COMPANY, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:06-CV-346 (VARLAN/SHIRLEY) |
| RPL PROPERTIES, LLC, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

The parties came before the undersigned on February 8, 2008, for a telephone conference concerning a discovery dispute. This telephone conference was scheduled as a result of the parties previous telephone conference of January 29, 2008, in which this Court determined further action by the parties was necessary before being able to resolve the dispute. Accordingly, the Court directed plaintiff to provide defendant with a letter detailing specific documents or categories of documents that plaintiff believed defendant had yet to produce and upon receipt, defendant was to respond to plaintiff with a letter informing whether each document existed and if, in their opinion, it was discoverable [Doc. 36].

The Court notes both plaintiff and defendant are in compliance with its previous order. Plaintiff provided a letter to defendant on January 29, 2008, outlining the documents which they believe existed and should be available for the purpose of production. Defendant provided a response to plaintiff's letter on February 8, 2008, explaining whether or not the requested documents

exist, if they have been provided, and if not, explaining why defendant believed they were not discoverable. A copy of both letters were forwarded to chambers in preparation for the telephonic status conference.

At the start of the telephone conference, the parties advised the Court they have been trying to resolve this case through voluntary mediation, and although the matter did not settle during mediation, they are hopeful the possibility of settlement exists.

Plaintiff further advised the Court additional time is needed to review and analyze the documents they recently received from defendant. Accordingly, the parties jointly requested an extension of the discovery deadline due to the additional documents provided and the fact that they had rescheduled certain depositions in light of the documents and new information provided.

Based on the parties' representations, this Court finds an extension of the discovery deadline will assist the parties in terms of preparation and settlement, but not affect the currently scheduled trial date. Accordingly, this Court **GRANTS** the parties' request to extend the discovery deadline. The parties are to complete discovery **30 days before trial**.

**IT IS SO ORDERED.**

                                                      **ENTER:**

                                                        s/ C. Clifford Shirley, Jr.
                                                      United States Magistrate Judge